[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13658
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-00288-SCJ-CMS-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HARVEL DONTA YOUNG,
a.k.a. Dante,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 5, 2019)

Before ROSENBAUM, GRANT, and FAY, Circuit Judges.

PER CURIAM:

Harvel Donta Young was a mail carrier for the U.S. Postal Service ("USPS") who accepted bribes to deliver packages that he was told contained cocaine. Based on this conduct, he pled guilty to attempting to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and accepting bribes as a public official, in violation of 18 U.S.C. § 201(b)(2). The district court sentenced him to a total term of 60 months of imprisonment.

Because Young committed the offenses while acting as a mail carrier, the district court applied a sentencing enhancement under U.S.S.G. § 3B1.3 for abuse of a position of public trust. Under this guideline, a two-level increase applies "[i]f the defendant abused a position of public or private trust . . . in a manner that significantly facilitated the commission or concealment of the offense." U.S.S.G. § 3B1.3.

On appeal, Young argues that this enhancement does not apply for two reasons: (1) the mail-carrier position was not a position of trust because it was not characterized by substantial discretionary judgment; and (2) he did not abuse his position in the manner contemplated by § 3B1.3 because he did not steal, damage, or destroy any pieces of mail, and his conduct in delivering purported cocaine was incidental to his job duties. *See* U.S.S.G. § 3B1.3, cmt. nn.1 & 2(A).

We review *de novo* "the district court's conclusion that the defendant's conduct justifies the abuse-of-trust enhancement." *United States v. Ghertler*, 605

2

F.3d 1256, 1264 (11th Cir. 2010); *United States v. Garrison*, 133 F.3d 831, 837 (11th Cir. 1998). "Unless it is harmless, an error in the district court's calculation of the applicable guideline range warrants reversal." *United States v. Perkins*, 787 F.3d 1329, 1341 (11th Cir. 2015). A calculation error is harmless when (1) the district court clearly indicates that it would impose an identical sentence regardless of the enhancement, and (2) the sentence imposed is substantively reasonable even if the guideline issue had been decided in the defendant's favor. *Id.*; *United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006).

Here, we need not decide whether Young's conduct justified the abuse-of-trust enhancement because any error in applying that enhancement was harmless. After imposing the 60-month total sentence at Young's sentencing, the district court made perfectly clear that it "would have imposed the same sentence" even if it had ruled in Young's favor on the abuse-of-trust enhancement. In light of the court's clear statement that the resolution of the guideline issue had no effect on the sentence, even assuming without deciding that error in imposing the enhancement occurred, any error was harmless, provided the sentence imposed is substantively reasonable. For the reasons explained below, we conclude that it is.

We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *United States v. Nagel*, 835 F.3d 1371, 1376 (11th Cir. 2016). In conducting this review, we consider the totality of the circumstances and

3

whether the statutory factors in 18 U.S.C. § 3553(a) support the sentence in question. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

The district court must impose "a sentence sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the crime, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public.  18 U.S.C. § 3553(a)(2)(A)–(C).  The court must also consider among other factors the nature and circumstances of the offense, the history and characteristics of the defendant, the applicable guideline range, and the need to avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a)(1), (3)–(7).  The weight to be assigned to these factors— whether great or slight—is committed to the sound discretion of the district court, and "we will not reweigh the factors."  *United States v. Johnson*, 803 F.3d 610, 620 (11th Cir. 2015).

Because sentencing courts are afforded "substantial deference," *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015), we may not "set aside a sentence merely because we would have decided that another one is more appropriate," *United States v. Irey*, 612 F.3d 1160, 1191 (11th Cir. 2010) (*en banc*). Rather, "[w]e may set aside a sentence only if we determine, after giving a full measure of deference to the sentencing judge, that the sentence imposed truly is unreasonable."  *Id.*  In other words, we will not vacate a sentence unless the party

4

challenging it convinces us that it lies outside the range of reasonable sentences dictated by the facts of the case. *Id.* at 1190.

Young's 60-month sentence is substantively reasonable. Without the abuse-of-trust enhancement, his guideline range would have been 63 to 78 months, based on a total offense level of 26 and a criminal history category of I.[1] Assuming this guideline range applies, *see Keene*, 470 F.3d 1349–50, neither Young nor the record provides any reason to conclude that the 60-month sentence is unreasonable. The reasonableness of the sentence is supported by the fact that it is both below the guideline range and well below the applicable statutory maximums of fifteen and forty years for the bribery and drug offenses, respectively. *See Nagel*, 835 F.3d at 1377 (stating that a sentence "significantly less" than the statutory maximum "points strongly to reasonableness"); *Gonzalez*, 550 F.3d at 1324 (stating that "[w]e ordinarily expect a sentence within the Guidelines range to be reasonable"). In light of these factors, Young's abuse of his role as a mail carrier (even if his conduct did not count as an abuse of trust under § 3B1.3), and the deference afforded the sentencing court, we are not convinced that the court imposed an unreasonable sentence based on the facts of this case. *See Irey*, 612 F.3d at 1190–91.

Accordingly, we affirm Young's 60-month sentence.

---

[1] With the two-level abuse-of-trust enhancement, the guideline range was 78 to 97 months of imprisonment.

5

**AFFIRMED.**